IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JOE LARA, MIGUEL VELAZQUEZ, JUAN CANO, and GENARO RODRIGUEZ<br>　　　Plaintiffs,<br><br>V.<br><br>AL CAVAZOS, LANETTE CAVAZOS, and 2216 INC., EACH INDIVIDUALLY and d/b/a LA FAMILIA MEXICAN RESTAURANT<br>　　　Defendants. | §§§§§§§§§§§§§§§ | Civil Action No: 4:11-cv-875-Y |

---

**PLAINTIFFS' THIRD AMENDED COMPLAINT**

---

TO THE HONORABLE JUDGE OF THIS COURT:

　　1.　　NOW COMES JOE LARA, MIGUEL VELAZQUEZ, JUAN CANO, and GENARO RODRIGUEZ, ("Plaintiffs"), and file this, PLAINTIFFS' THIRD AMENDED COMPLAINT FOR DAMAGES, complaining of AL CAVAZOS, LANETTE CAVAZOS and 2216 INC., EACH INDIVIDUALLY and D/B/A LA FAMILIA MEXICAN RESTAURANT, ("Defendants"), and in support thereof, would respectfully show the Court as follows:

**I—DISCOVERY CONTROL PLAN**

　　2.　　The parties have submitted discovery plan to the Court.

## II—PARTIES

3. Plaintiffs are and have at all times relevant to this lawsuit been residents of Fort Worth, Tarrant County, State of Texas.

4. All Defendants have appeared and answered and may be served with notice hereof by and through service upon their counsel of record.

## III—JURISDICTION

5. Plaintiffs were not paid overtime wages as required by law. Plaintiffs had their tip credit withheld in violation of the law. Defendants conduct is in violation of the Fair Labor Standards Act (FLSA) 29 U.S.C. § 201 *et seq.* and the Texas Labor Code. The jurisdiction of this Court is invoked by Plaintiffs pursuant to 28 U.S.C. §§ 1331, 1367(a) and 1441(c).

## IV—FACTS

6. It is undisputed that Defendants are the owners and/or joint venture parties in an ongoing business enterprise commonly known as La Familia Mexican Restaurant, "La Familia"). La Familia is a popular Mexican restaurant located at 841 Foch Street in the heart of Fort Worth's new Seventh Street development. Al Cavazos and Lanette Cavazos are well known in the Fort Worth community, and are often present in the restaurant on a day-to-day basis, hand-shaking and visiting with customers.

7. Plaintiff Joe Lara began working for Al Cavazos and the Cavazos family as a restaurant waiter around twenty years ago, and was abruptly terminated without cause on or about March 17, 2011.

8. Plaintiff Miguel Velazquez began working for Al Cavazos and the Cavazos family as a restaurant waiter around fifteen years ago and was constructively terminated on or

about March 23, 2011 because of the unconscionable conduct of the Defendants as described herein.

9. Plaintiff Genaro Rodriguez began working for Al Cavazos and the Cavazos family as a restaurant waiter around five years ago and was constructively terminated on or about June 2011 because of the unconscionable conduct of the Defendants as described herein.

10. Plaintiff Juan Cano worked as a kitchen cook for the Cavazos family on and off for many years, and consecutively for the past five years, until he was abruptly terminated without cause, on or about March 19, 2011.

11. By all appearances, La Familia is a local darling business establishment and enjoys such a reputation in and throughout the Fort Worth community at large. Behind the proverbial curtain, however, the Plaintiffs to this suit allege there are much different, darker, even perhaps sinister business practices regularly being employed by the Defendants, all hidden from public view, but certainly not hidden from the Plaintiffs and other employees of the Defendants.

12. Defendants routinely required the Plaintiffs to work in excess of forty (40) hours per week and refused to pay them proper overtime. Defendants instead would simply pay the Plaintiffs nothing or pay them a bonus at their normal hourly rate without paying them the required time and a half. Defendants' unlawful practices extend to other employees of the Defendants who are not currently named as Plaintiffs in this lawsuit.

13. Moreover, Defendants maintain a routine business practice of arbitrarily demanding and taking from wait staff employees their tip credit money and/or unlawfully deduct money from employees' paychecks, all under the guise of "penalizing" the employees for alleged mistakes in their ticket-writing of food orders, e.g., forgetting to write-up a complimentary jalapeno order, making an alleged unclear marking on an order ticket, and the

like. During Plaintiffs employ, it is alleged these unauthorized deductions from wait staff regularly averaged around $65 dollars per week per waiter, and could total as much as $100 weekly per waiter.

14.     Finally, there are current employees who have been wrongfully threatened by the Defendants because of their friendship and/or kinship with Plaintiffs, and there are numerous other employees who have worked for La Familia in the past two or more years preceding the institution of this action, who are similarly situated to the Plaintiffs to this suit, who were, or are also treated in the manner described herein.

15.     This suit is brought by Plaintiffs, Individually and/or on behalf of potentially other similarly situated employees who are entitled to recover unpaid wages, credits for unauthorized deductions or converted funds and/or civil penalties for Defendants' conduct as alleged herein.

## V—CAUSES OF ACTION

16.     The Plaintiffs are or were employees, and the Defendant is an employer, as those terms are defined in the *Fair Labor Standards Act ("FLSA"), Title 29, Sections 201-219, of the United States Code.* The Plaintiffs' principal activities while employed by the Defendants were in commerce and in the production of goods for commerce or working for an enterprise engaged in commerce or the production of goods for commerce, as defined in the FLSA, specifically, Plaintiffs prepared food and served food that was transported or purchased in connection with the commission of interstate commerce and used equipment, machinery, products, and/or supplies that were acquired in interstate commerce. Furthermore, at all times relevant to this suit, the total annual gross volume of sales or business done by the Defendants' enterprise has been not less than $500,000 dollars.

### A. COUNT 1 -- FLSA 29 USC§206

17. The allegations contained in Paragraphs 1-16 are incorporated herein by reference, the same as fully set forth verbatim.

18. Both federal and state law mandate that employees be paid at least a minimum hourly rate for every hour they work. *Fair Labor Standards Act ("FLSA"), Title 29, Section 206 of the United States Code* see also *Texas Labor Code Section 62.051*. During the period of the Plaintiffs' employment with the Defendants, the Defendants knowingly, intentionally and willfully engaged in unlawful conduct by failing to pay the minimum hourly rate for every hour that Plaintiffs worked.

19. The Defendants required Plaintiffs and other employees to work "off the clock" on a routine basis, and Defendants manually clocked-in and clocked-out Plaintiffs and other employees at the beginning and end of their shifts, even if they were performing work in the ordinary course of business (that was not postliminary in nature), *or* Plaintiffs and other employees were instructed that they may not clock-in until after they performed many activities that were part of their ordinary duties (that were not preliminary in nature).

20. In addition to failing to record all compensable time under the FLSA, the Defendants have engaged in unlawful conduct by requiring Plaintiffs to not record/report their time for such work and/or required Plaintiffs to perform manual labor (not relating to restaurant and waiting duties) and failed to pay minimum wage for such work.

### B. COUNT 2 -- FLSA 29 USC§207

21. The allegations contained in Paragraphs 1-20 are incorporated herein by reference, the same as fully set forth verbatim.

22. The law requires that employers pay employees one and one-half times the ordinary minimum wage rate for any hours over forty that they work per week. *Fair Labor*

*Standards Act ("FLSA"), Title 29, Section 207 of the United States Code.* During the period of the Plaintiffs' employment with the Defendants, the Defendants knowingly, intentionally and willfully engaged in unlawful conduct by failing to pay the minimum hourly rate for every hour that Plaintiffs worked.

23.     During the period of the Plaintiffs' employment with the Defendants, the Defendants have knowingly, intentionally and willfully engaged in unlawful conduct by failing to record all of the time that the Defendants have required, suffered, and/or permitted the Plaintiffs to work. In addition, Defendants failed to pay Plaintiffs overtime wages for work they performed in excess of forty hours per week.

### C.  COUNT 3 -- FLSA 29 USC§203

24.     The allegations contained in Paragraphs 1-23 are incorporated herein by reference, the same as fully set forth verbatim.

25.     Both state and federal law allow employers to subtract some portion of the tips their employees receive from the amount they are owed under the minimum wage laws – to take a "tip credit" – provided that the total amount received by the employee is equal to or in excess of the statutory minimum wage. *Fair Labor Standards Act ("FLSA"), Title 29, Section 207 of the United States Code* see also *Texas Labor Code Section 62.052.* During the period of Plaintiffs Joe Lara, Miguel Vasquez and Genaro Rodriquezs' employment with the Defendants, the Defendants knowingly, intentionally and willfully engaged in unlawful conduct by violating the "tip credit" laws.

26.     During the period of the Plaintiffs Joe Lara, Miguel Vasquez and Genaro Rodriquezs' employment with the Defendants they were paid the "tipped employees" minimum wage arte of $2.13. During this period Defendants knowingly, intentionally and willfully

withheld tip money from the Plaintiffs or shared tip money with managerial personnel and/or the individual Defendants in violation of the law.

### D.  COUNT 4 -- TEXAS THEFT LIABILITY ACT

27.   The allegations contained in Paragraphs 1-26 are incorporated herein by reference, the same as fully set forth verbatim.

28.   Plaintiffs provided a service to the Defendants.

29.   The Defendants knew these services were provided for with compensation.

30.   The Defendants intentionally or knowingly secured the service by deception, threat or false token and intentionally or knowingly secured the performance of the services by agreeing to provide compensation and after the service was rendered, failed to make payment.

31.   Plaintiffs were injured due to Defendants conduct.

## VI—DAMAGES

32.   The allegations contained in Paragraphs 1-31 are incorporated herein by reference, the same as fully set forth verbatim.

33.   As a direct and proximate result of Defendants' unlawful actions, Plaintiffs have suffered injuries for which they seek monetary compensation in the following non-exclusive areas:

   a. Plaintiffs' Lara, Velazquez and Rodriguez were paid $2.13 per hour for performance of manual labor not preliminary or postliminary in nature to their jobs as waiters in the approximate amount of three to four hours per week, and in some cases, in excess of forty hours per week.  The payments referred to above were and are less than the minimum wage and overtime compensation prescribed by law, in that the Plaintiffs were entitled to time-and-a-half for their waiting

  hours and/or manual labor hours in excess of forty hours work per week, and the minimum wage of $7.25 per hour for all manual labor hours;

b. Plaintiff Juan Cano was paid $10 per hour for performance of manual labor/cooking services up to forty hours per week, and $10 per hour for all hours in excess of forty hours, disguising such pay as a "bonus" payment. Each of these disguised bonus payments were less than the overtime compensation prescribed by law in that Plaintiff was entitled to time-and-a-half for manual labor hours in excess of forty hours work per week;

c. All of the Plaintiffs were arbitrarily and incorrectly clocked-in and clocked-out by Defendants daily, despite their actual time worked, which time was typically shorted in the approximate amount of 1-2 hours daily. Plaintiffs are entitled to recover an equal sum as liquidated damages;

d. Punitive damages in an amount to be determined by the trier of fact;

e. Judgment for actual damages in the amount of past and future back pay, loss of earnings and benefits, sick and/or annual leave and loss of earning capacity;

f. Civil penalties as allowed by the FLSA;

g. Pre-judgment and post-judgment interest at the maximum legal rate;

h. Reasonable attorneys' fees; and,

i. All costs of court.

## VII—DEMAND FOR JURY TRIAL

34. Plaintiffs assert their right under the Seventh Amendment to the U.S. Constitution and demands, in accordance with Federal Rule of Civil Procedure 38, a trial by jury on all issues.

## VIII—PRAYER

35. WHEREFORE, PREMISES CONSIDERED, Plaintiffs respectfully request an award of:

   a. Unpaid minimum wages;

   b. Unpaid overtime compensation;

   c. Reimbursement of tip credit money;

   d. Liquidated damages in an amount equal to the unpaid minimum wages, payment of unpaid overtime compensation, payment for unauthorized deductions and/or payment of converted funds;

   e. Statutory civil penalties;

   f. Exemplary or punitive damages;

   g. Attorney's fees;

   h. Prejudgment and Postjudgment interest as provided by law;

   i. Costs of Court; and

   j. Such other and further relief at law and/or in equity to which Plaintiffs may be so justly entitled.

Respectfully submitted,

THE LAW OFFICE OF MATTHEW BOBO, PLLC

By:  /s/Matthew W. Bobo_____
Matthew W. Bobo
State Bar No. 24006860
mbobo@mwblawyer.com
Tim Miller
State Bar No. 24032747
tmiller@mwblawyer.com

3500 Hulen Street, Suite 100
Fort Worth, Texas 76107
(817) 529-0774 (Telephone)
(817) 698-9401 (Facsimile)

Chip N. Searcy
State Bar No. 24034673
SHACKELFORD, HAWKINS & SEARCY, P.C.
3001 Halloran Street
Fort Worth, Texas 76107
(817) 386-2881 (Telephone)
(817) 386-3077 (Facsimile)
chip@shsfirm.com

**ATTORNEYS FOR PLAINTIFFS**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing *Plaintiffs' Third Amended Complaint* has been served on counsel by ECF, in accordance with the Rules of Civil Procedure as set forth below, on this 27th day of March, 2012.

Dustin A. Paschal
dustinp@colesfirm.com
Mike E. Coles
mikec@colesfirm.com
One Energy Square
4925 Greenville Ave., Ste. 1250
Dallas, Texas 75206

/S/ Matthew W. Bobo
Matthew W. Bobo